NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 9 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GARY MCKINLEY,

      Petitioner-Appellant,

  v.

ROBERT LEGRAND, Warden

      Respondent-Appellee.

No. 15-17082

D.C. No.
2:12-cv-01090-APG-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted October 19, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and COLLINS,[***] Chief
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Raner C. Collins, United States Chief District Judge
for the District of Arizona, sitting by designation.

Gary McKinley, a Nevada state prisoner, appeals from the district court's dismissal of his petition for a writ of habeas corpus. In his petition, McKinley challenges his convictions for sexual assault. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc), and we affirm.

1. McKinley first argues that his counsel was ineffective for not appealing the Nevada state district court's denial of the motion for new trial. Assuming, without deciding, that clearly established federal law extends the right to counsel to this context, the Nevada Supreme Court reasonably applied *Strickland v. Washington,* 466 U.S. 668 (1984), in holding that "even if counsel's performance was deficient . . . it did not result in prejudice." More specifically, it was not "objectively unreasonable in light of the evidence presented in the state-court proceeding," *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003), for the Supreme Court of Nevada to conclude that no prejudice occurred because "the foreperson did not intentionally conceal prejudicial information during voir dire." The testimony of her fellow jurors was not probative of the foreperson's intent during voir dire, and the foreperson herself stated that she did not recall the skating

2

rink incident during jury selection. Moreover, the Nevada state district court explicitly and favorably commented on the foreperson's demeanor and testimony, and we are particularly mindful that "determinations of demeanor and credibility . . . are peculiarly within a trial judge's province." *Wainwright v. Witt*, 469 U.S. 412, 428 (1985). Accordingly, McKinley has not demonstrated an entitlement to federal habeas relief on this ineffective assistance of counsel claim.

2. McKinley also argues his counsel was ineffective for not insisting the trial judge watch the pornographic video evidence before ruling on its admissibility. On this issue, the Supreme Court of Nevada's determination that counsel's performance was not deficient was not an objectionably unreasonable application of *Strickland*, and thus does not warrant federal habeas relief; counsel successfully limited admission of the videos to a summary of their content the accuracy of which McKinley does not dispute. Although the trial court did not preclude the video evidence entirely, counsel's failure to secure preclusion to the full extent requested does not constitute ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689.

3. The motion to expand the COA is **DENIED**.

The judgment of the district court is **AFFIRMED**.

3